UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV - 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Lamont A. Wagner, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 08 1913 |
| ) | |
| United States of America *et al.*, ) | |
| ) | |
| Respondents. ) | |

MEMORANDUM OPINION

This matter is before the Court on petitioner's application for a writ of *habeas corpus* and his application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner challenges his conviction entered by the United States District Court for the Middle District of North Carolina. Pet. at 2. He claims that the court "ignored [his] colorable pro-se innocence claims" based in part on alleged racial profiling. *Id.* at 5. Such claims must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).

An individual may be excused from pursuing relief under § 2255 only when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28

U.S.C. § 2255. Petitioner makes no such showing here. This Court therefore is without jurisdiction to entertain the habeas petition. A separate order of dismissal accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: October 3, 2008